## WILSON *v.* FINE.

*(District Court, D. Oregon. May 20, 1889.)*

1. EJECTMENT—MAY BE MAINTAINED ON PRIOR POSSESSION.
   Prior possession of real property is a sufficient legal estate therein to enable a party to maintain ejectment in this court for the recovery of the possession of the same from an intruder.
2. SAME—JURISDICTION OF FEDERAL COURTS.
   An action to recover the possession of real property is none the less an action at law because the legislature of the state wherein the property is situate has provided that the same may be maintained, as against an intruder, on the certificate of a register and receiver, or other evidence of title to, or interest in the premises, short of a patent from the United States; and under section 914 of the Revised Statutes the same may be maintained in the national court sitting in such state.
3. SERVICE OF SUMMONS—COPY OF COMPLAINT.
   A copy of a complaint served with the summons, is sufficient, although the subscription of the attorney thereto, is omitted.

*(Syllabus by the Court.)*

At Law. On demurrer to amended complaint.

Action by Henry C. Wilson against N. Fine, to recover possession of real property.

*Charles B. Bellinger*, for plaintiff.

*Albert H. Tanner*, for defendant.

DEADY, J. This action is brought to recover possession of the N. W. ¼ of section 17, in township 36 N., of range 25 E., and situate in Lake county, Or.

It was commenced on February 27, 1889, and on April 5th the defendant appeared specially, and moved to set aside the service of the summons, because he had not been served with a copy of the complaint, as required by section 55 of the Compilation of 1887, which provides:

"The summons shall be served by delivering a copy thereof, together with a copy of the complaint, prepared and certified by the plaintiff * * * or by the county clerk."

On the hearing of the motion it appeared that the defendant had been served with what purported to be a copy of the complaint, prepared and certified by the clerk of this court, which did not contain the subscription of the plaintiff or his attorney.

The court denied the motion, saying that, as a copy was only required to be served for the purpose of apprising the defendant of the nature and particulars of the cause of action against him, the subscription of

the complaint by the plaintiff or his attorney, is, for such purpose, not a material part of the complaint.

On May 6, 1889, an amended complaint was filed, from which it appears that the plaintiff is a citizen of California and the defendant of Oregon; that the premises were "duly certified by final certificate to one G. C. Alexander, by the proper officers of the land department of the United States under the homestead laws of the same;" that thereafter the said Alexander duly conveyed the same to the plaintiff, who "is now the owner in fee-simple" of the premises, and entitled to the possession thereof; that about January 1, 1889, the plaintiff was in possession of the premises as such owner, when "the defendant unlawfully and with force entered upon the same, and ejected the plaintiff therefrom, and has ever since wrongfully withheld the possession thereof from the plaintiff."

To this complaint the defendant demurs, for that the same "does not state facts sufficient to constitute a cause of action."

On the argument the only point made in support of the demurrer was that it appears from the complaint the plaintiff has not the legal title to the premises, the same being presumably in the United States, and therefore cannot maintain this action to recover possession of the same; citing *Langdon* v. *Sherwood*, 124 U. S. 74, 8 Sup. Ct. Rep. 429, and cases there referred to.

In reply, counsel for the plaintiff contends that an action to recover the possession of real property may be maintained on a prior possession against a mere intruder or trespasser, such as the defendant appears to be; citing *Christy* v. *Scott*, 14 How. 282, and cases there referred to.

In the case cited by counsel for the demurrer the plaintiff sought to maintain ejectment for certain lands in Nebraska as the mere assignee of a certificate of purchase of the same, issued by the local land-officers at Omaha. It does not appear that he had ever been in the possession of the premises, or been disseised thereof.

By the law of Nebraska such certificate is made equivalent to a patent as proof of title against any one but the holder of the patent. But, notwithstanding this, the court held that ejectment cannot be maintained in the courts of the United States for the possession of lands in that state or elsewhere on such evidence.

In support of this conclusion the court cited *Bagnell* v. *Broderick*, 13 Pet. 436; *Fenn* v. *Holme*, 21 How. 481; *Hooper* v. *Scheimer*, 23 How. 235; and *Foster* v. *Mora*, 98 U. S. 425.

In *Bagnell* v. *Broderick*,—a case which came up from Missouri, where the legislature had enacted that ejectment might be maintained on a New Madrid location,—the court held that the holder of a patent from the United States could maintain ejectment in the courts of the United States against an occupant claiming under such location.

The effect of this decision is simply that, in ejectment, the party having the highest evidence of the legal title must prevail,—that the patent of the United States, as evidence of title, was superior to that of the location; and upon this point there can be but one opinion. The court divided on the question whether Bagnell, the occupant under the New

Madrid location, could show in the action at law that the patent was issued to another in fraud of his rights, the majority holding that he could not. Yet Mr. Justice CATRON, in speaking for the majority, said :.

"Nor do we doubt the power of the states to pass laws authorizing purchasers of lands from the United States to prosecute actions of ejectment upon certificates of purchase against trespassers on the lands purchased; but we deny that the states have any power to declare certificates of purchase of equal dignity with a patent. Congress alone can give them such effect."

*Fenn* v. *Holme* was an action brought on a New Madrid location, which had neither been surveyed nor approved.

*Hooper* v. *Scheimer* was an action brought on an entry with the register and receiver to recover possession of certain lots in Little Rock, Ark., which the state had declared was sufficient evidence of title to support ejectment. The defendant claimed under a patent from the United States, which, appearing valid on its face, the court held could not be contradicted or overcome by evidence *aliunde*, and must therefore prevail against the certificate of purchase.

In delivering the opinion of the court in the latter case, Mr. Justice CATRON said that ejectment cannot be maintained in the national courts against "a defendant in possession" on an entry made with a register and receiver; and Mr. Justice DANIEL said, in *Fenn* v. *Holme*, without qualification, that the plaintiff in ejectment cannot recover in ejectment without the legal title,—the complete title. He seems to have labored under the impression that to allow the action to be maintained without such title would in some way destroy the distinction between actions at law and suits in equity, contrary to the constitution and laws of the United States. But in this he was certainly mistaken.

*Foster* v. *Mora* was an action brought by a person claiming title to the Mission San Juan Capistrano under a patent from the United States, to recover possession of the same from parties who claimed under a confirmed Mexican grant, on which a patent had not been issued.

The court simply held that the legal title, as evidenced by the patent, must prevail, and, if there were any equities in the case, they could only be considered on the equity side of the court.

Now, there is neither decision nor *dictum*, unless it be that of Mr. Justice DANIEL, in any of these cases against the right to maintain ejectment in any common-law court, state or national, on a prior possession, against a mere intruder or trespasser, whether such possession is claimed or held in pursuance of a purchase from the United States, on which a patent has not yet issued, or otherwise.

Nor can I see, (and I say it with due deference,) if a state provides that ejectment—an action at law to recover the possession of real property wrongfully withheld from the plaintiff therein—may be maintained on any evidence of title to or interest in the premises from mere prior possession, to a patent under the seal of the United States, which shows a present right in the plaintiff to the possession, as against the defendant, how the character of the action is thereby changed, or confounded or blended with a suit in equity.

An action at law is the acknowledged remedy for the recovery of the possession of real property wrongfully withheld from the plaintiff, or to recover damages for a trespass thereon; while a suit in equity is the proper remedy to compel a conveyance thereof, when wrongfully refused, or to establish or enforce a trust therein. If the legislature provides that the former may be maintained on any interest in the premises or right thereto short of the strict legal title, from which it appears that the plaintiff is legally entitled to the possession, as against the defendant, it is none the less an action at law, and in no sense a suit in equity. It is still a legal remedy for the redress of a wrong to a legal right,—the right of possession. And under section 914 of the Revised Statutes, which conforms "the practice, pleadings, and modes of proceeding" in such cases in the national courts to those in the state courts, "as near as may be," such state law will furnish the test of when and by whom such an action can be maintained.

Of course, the state cannot say, even in its own courts, that a mere entry or certificate of purchase shall prevail as evidence of title over a patent valid on its face. Such a law would, in my judgment, interfere with the exercise of the power to dispose of the public lands in an orderly and effective manner. But the state may provide, as Mr. Justice McLEAN says in his dissenting opinion in *Bagnell* v. *Broderick*, 13 Pet. 453, that it may be shown in such case that the patent was fraudulently obtained, and is therefore null and void.

But this digression has already gone quite far enough.

The question in this case is simply this: Can ejectment be maintained in this court on a prior possession against an intruder or trespasser?

The law of the state is (section 316, Comp. 1887) that "any person who has a legal estate in real property, and a present right to the possession thereof, may recover such possession, with damages for withholding the same, by an action at law." This is substantially the common-law action of ejectment, minus its once useful fictions; and, as I understand the law, is, by virtue of section 914 of the Revised Statutes, the rule of procedure in this court.

Possession or actual occupation of real property is in, some degree a title to or estate therein. Blackstone, in his consideration of the titles to land, gives "naked possession" as the first. 2 Bl. Comm. 195. And possession by the vendor is a sufficient interest in lands to carry the covenants in his deed to his assignee. *Fields* v. *Squires*, 1 Deady, 388, and the cases there cited. 2 Washb. Real Prop. 493.

In *Whitney* v. *Wright*, 15 Wend. 179, it was held in the language of the syllabus:

"A prior possession is sufficient to entitle a party to recover in an action of ejectment against a mere intruder or wrong-doer, or a person subsequently entering without lawful right, if the action * * * be brought within a reasonable time."

In *Jackson* v. *Railway Corp.*, 1 Cush. 575, it is said that—

"If A. enters on the land of B., and takes possession, and afterwards C. enters on A. and disposesses him, A. may well maintain an action against C. to

recover possession, although his entry on B. was without right, and tortious; for mere possession is a good title against a stranger having no title."

In *Christy* v. *Scott*, 14 How. 282, the supreme court held in the language of the syllabus:

"A mere intruder cannot enter upon a person seised, eject him, and, when sued, question his title, or set up an outstanding title in another. The prior peaceable possession of the plaintiff is enough to enable him to recover in ejectment against one having no title."

The case came up from Texas. The plaintiff alleged that he was seised —possessed—of certain real property, and that the defendant forcibly ejected him therefrom, and kept him out of possession. The defendant answered that the plaintiff claimed under a certain grant, which he alleged was illegal. On demurrer, the court held this to be no defense to the action.

In disposing of the question, Mr. Justice CURTIS, who delivered the opinion of the court, said:

"According to the settled principles of the common law, this is not a defense to the action. The plaintiff says he was seised in fee, and the defendant ejected him from the possession. The defendant, not denying this, answers that if the plaintiff had any paper title, it was under a certain grant which was not valid. He shows no title whatever in himself. But a mere intruder cannot enter on a person actually seised, and eject him, and then question his title, or set up an outstanding title in another. The maxim that the plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's, is applicable to all actions for the recovery of property. But if the plaintiff had actual prior possession of the land, this is strong enough to enable him to recover it from a mere trespasser, who entered without any title."

The seizure or possession of the plaintiff in this case is not that of a mere squatter or temporary occupant of the public lands. He is the vendee and assignee of a recognized settler on the premises under the homestead law of the United States, to whom an official certificate was issued to the effect that he had complied with the law, and was entitled to a patent. The plaintiff is the beneficial owner of the property, and was in the possession of the same when the defendant entered without title or right.

Such a possession is sufficient, according to the rules of the common law and the statute of this state governing the procedure in this court, to enable the plaintiff to maintain this action against an intruder, as this defendant appears to be. Indeed, it would be a serious reproach to the administration of justice, if a citizen of another state was without remedy in this court for such a barefaced trespass and wrong.

The demurrer is overruled.