Decided at PENDLETON, July 20, 1895.

## RADER *v.* ALLEN.
[41 Pac. 154.]

PUBLIC LANDS — EJECTMENT — LIMITATIONS — CODE, § 2178.— When an original purchaser of mining lands has complied with the legal requirements, and has obtained a patent certificate from the officers of the government, he has acquired a vested right in the land,— a legal estate that can be recovered in an action of ejectment; and such an action is not subject to the limitation of one year prescribed by section 2178, Hill's Code, which is intended to apply to cases where the land is still subject to governmental disposition.

APPEAL from Grant: JAMES A. FEE, Judge.

Action of ejectment by George Rader against Edward C. Allen and Walter Brown. The case comes here on appeal from the decision of the court below sustaining a demurrer to the complaint. The complaint is as follows: (1.) That on February twenty-fifth, eighteen hundred and ninety-two, he (plaintiff) was and ever since has been and now is the owner in fee, and entitled to the possession, of the following described mining property,

subject only to the paramount title of the government of the United States, to wit: The undivided one seventh of a certain placer mine, known as the "Dunlap Mine," which said mine is situated on the west fork of Bagley Creek, in Fox Valley, Grant County, Oregon, together with the undivided one seventh of all flumes, sluice boxes, tools, and pipe connected therewith, and belonging thereto; said mining property having been on the said twenty-fifth day of February, eighteen hundred and ninety-two, acquired by this plaintiff by purchase from one James Dunlap, who was at and prior to said time the owner of and in possession thereof, and which said Dunlap Mine is more particularly described as follows, to wit: Commencing at the southwest corner of section six in township twelve south, range thirty east, Willamette Meridian, running thence north ten chains; thence east twenty chains; thence north six chains; thence west twenty chains to township line; thence south on township line fifty chains; thence west ten chains; thence south twenty chains; thence east twenty chains to the place of beginning, there being a post at each corner of the claim and the lines blazed on the trees throughout the whole thereof. (2.) That while plaintiff was the owner and in possession, and entitled to the possession, of said premises, to wit, on the tenth day of March, eighteen hundred and ninety-three, the said defendants Edward C. Allen and Walter Brown did, without right or title, enter into and upon the same, and oust and eject the plaintiff therefrom; and plaintiff avers that said defendants are now in the actual possession thereof, and they have ever since said time wrongfully withheld the possession of the same from the plaintiff, to his damage in the sum of one thousand dollars. (3.) That the value of the rents, issues, and profits of said premises from the said tenth day of March, eighteen hundred and ninety-three, and while the

plaintiff has been excluded therefrom by the defendants, is one thousand dollars. The demurrer specifies the following grounds of objection to the complaint: *First,* the action has not been commenced within the time limited by the Code of Civil Procedure of Oregon or by law; *second,* the court has no jurisdiction of the subject of the action; and, *third,* the complaint does not state facts sufficient to constitute a cause of action.          REVERSED.

For appellant there was the following brief by *Mr. Lucien Evarts,* and an oral argument by *Mr. Stephen A. Lowell.*

Let us first examine the question of jurisdiction. Courts will protect settlers in the possession of their mining claims: *Kitcherside* v. *Myers,* 10 Or. 21; *Woodside* v. *Richey,* 1 Or. 108; *Lee* v. *Simonds,* 1 Or. 158. Section 4 of the Code provides that an action may be commenced within ten years "for the possession of real property, or for the recovery of the possession thereof," and it is now settled that both placer and quartz claims are real property: *Milton* v. *Lombard,* 51 Cal. 258; *McKeen* v. *Bisbee,* 9 Cal. 142; *State* v. *Moore,* 12 Cal. 70; *Hughes* v. *Devlin,* 23 Cal. 506; *Jennison* v. *Kirk,* 98 U. S. 453; *Gold Hill Mining Company* v. *Ish,* 5 Or. 104. All the words of the statute must be given some meaning if possible, and it seems that the only rational meaning that can be given to the phrase "or for the recovery of the possession thereof" is that it is intended to cover cases where persons such as homesteaders and miners have only a possessory title to the lands they seek to recover. Again, section 316, Hill's Code, provides that "any person who has a legal estate in real property and a present right to the possession thereof, may recover such possession by an action at law." We submit that when a miner or homestead settler has taken the initiatory steps to acquire title to the land or mine which he occupies, he has a "legal estate" therein that

the courts will protect. The action of ejectment involves only the right to the present possession, and is not necessarily concerned with the question of title.

Section 2175, Hill's Code, provides that a justice court has jurisdiction of an action to recover the possession of a mining claim, as therein provided; and section 2178 declares that one year's adverse possession of a mining claim immediately preceding the commencement of an action therefor by the defendant is a bar to the action. Clearly this last section refers only to the action over which a justice's court has jurisdiction and has no effect on the actions that may be commenced in the circuit court. This present action is partly for the purpose of recovering possession of ditches, and his right of action for that purpose is not barred in less than ten years, under section 4 of the Code.

For respondents there was the following brief by *Messrs. Parish and Cozad,* and *Bailey, Balleray and Redfield,* and oral argument by *Mr. John J. Balleray.*

The proposition that ejectment can be maintained is easily answered. In order to sustain such an action the plaintiff must have something more than a mere possession,—he must have some estate in the property: *Joy* v. *Stump,* 14 Or. 362; *Duffy* v. *Mix,* 24 Or. 269. It is plain from the complaint that plaintiff is seeking to recover an interest in a placer mine, that is, in a mere location made under the Revised Statutes. It is admitted that the title is in the government. This statute confers no title on the person who simply enters on the land for purposes of exploration; it is a mere license that conveys no title and vests none in the licensee.

An inspection of the complaint shows at a glance that this action cannot be maintained for it was not commenced until fifteen months after the ouster, and an

adverse possession for one year is sufficient to bar the proceeding, under section 2178 of the Code.

Opinion by MR. JUSTICE WOLVERTON.

So far as this court is advised by the record, the plaintiff may be holding by mense conveyances under a certificate from the United States, issued after the performance of all the requirements of the laws and regulations for the acquirement of a patent to such mine, and the premises upon which the same is located. If such is the case, the paramount title may be said to be in the government of the United States, and the right to maintain the action rest with the plaintiff at the same time: *Aurora Hill Mining Company* v. *Eighty-five Mining Company,* 34 Fed. 515 (15 Morrison's Mining Reports, 581); *People* v. *Shearer,* 30 Cal 647; *Barney* v. *Dolph,* 97 U. S. 652; *Wilson* v. *Fine,* 38 Fed. 789. The rule is that when the contract of purchase is completed by payment of the purchase money and the issuance of the patent certificate by the authorized agent of the government, the purchaser acquires a vested right in the land, of which he cannot be subsequently deprived, if he has complied with the law prior to entry. It then ceases to be a part of the public domain, and is no longer subject to the laws governing the disposition of public lands. Under such a state of facts the limitations prescribed by the Justice's Code, (Section 2178, Hill's Code,*) can have no application. Such an interest is a legal estate in lands, and can be recovered by an action of ejectment. With the question as to what estate in lands, whether legal or otherwise, a person may have who has simply located a mine, or who has per-

*This section reads as follows: "One year's adverse possession of a mining claim immediately preceding the commencement of an action therefor by the defendant or those under whom he holds, if pleaded, is a bar to an action for the possession thereof."— REPORTER.

formed acts thereon for the purpose of acquiring title thereto, short of the acquirement of a certificate from the government, we have nothing to do in this case, and therefore do not now attempt to decide. "Sufficient unto the day is the evil thereof." The cause will be remanded with directions to the court below to overrule the demurrer.

REVERSED.

Decided at PENDLETON, July 20, 1895.