THOMAS FITZGERALD V. CHARLES KEITH, *Guardian of Mary B. Poisel, Anna Poisel, and Joseph Poisel, Minor Heirs of Mrs. Poisel, Deceased, Otherwise Known as Snake Woman.*

HOMESTEADS. The courts of this territory are not authorized to review the action of the interior department in its disposition of the public domain until after title to the lands has passed from the government.

*Appeal from the District Court of Canadian County.*

*Amos Green & Son,* for appellant.

*Charles Keith,* for appellee.

The opinion of the court was delivered by

DALE, C. J.: This case was instituted in the district court of Canadian county, by Charles Keith, as guardian of Anna, Mary and Joseph Poisel, on the 5th day of April, 1894, for the purpose of obtaining possession, by

injunctional proceedings, of the northeast quarter of section 17, township 12, north, range 6 west, land situated in Canadian county. The petition alleges in substance that one Mrs. Poisel, otherwise known as Snake Woman, instituted in the Kingfisher land office, a contest proceeding against the homestead entry of Thomas Fitzgerald for the land above described; that such contest was instituted on the 10th day of July, 1889, against the entry of Fitzgerald, filed on the 30th day of April, of said year. As ground of contest it was alleged that Mrs. Poisel had been residing upon the tract of land for twelve years prior to the time she initiated her contest proceedings; that she had improved the land and was residing upon and occupying the same when the territory was opened to settlement on April 22, 1889. At the same time she instituted her contest against Fitzgerald, she also filed her application to enter the tract as a homestead under the act of congress of July 4, 1884, (23 Statutes-at-Large, 96). A hearing was duly had and she was successful before the local land office, the commissioner of the general land office and the secretary of the interior, and the entry of Fitzgerald was canceled, and a right of entry awarded to the heirs of Mrs. Poisel. Mrs. Poisel, subsequent to the date of the institution of the contest proceedings, and prior to the final decision of the secretary of the interior, having departed this life. The petition further alleged that the heirs of said Mrs. Poisel were substituted as plaintiffs in the contest proceedings; that Charles Keith, plaintiff below, was duly appointed guardian of said minor heirs, and the entry made in the land office by him for the benefit of such heirs. That since the cancellation of Fitzgerald's entry, he had refused to vacate the land, and by force and violence was holding possession thereof,

and these proceedings were had for the purpose of compelling him to yield control and surrender possession of the tract of land in dispute.

As a defense Fitzgerald filed an answer in the court below, alleging, in substance, that the plaintiff, Mrs. Poisel, was not qualified to enter the land, as she was an Indian women and was in the Territory of Oklahoma contrary to the act of congress approved March 2, 1889, opening these lands to settlement, and the president's proclamation issued thereunder, and further alleged that the land department had misapplied the law in the cancellation of his entry, and in permitting the heirs of Mrs. Poisel to make entry through their guardian of the land in dispute. The answer further alleges that the defendant below was claiming under the occupying claimant's act, the right to have the value of his improvements ascertained, and to pay for the same before he should be dispossessed, and, further, that there is an adequate remedy at law afforded to the plaintiff for relief, and that the court below had no jurisdiction over the subject matter because the title to the land has not yet passed from the government.

In *Wallace v. Woodruff*, 3 Okla. 355, we have fully considered all of the questions raised in this case except that one which pertains to the right of Mrs. Poisel to take the land under the homestead act of July 4, 1884. Upon the question so raised, decided adversely to appellant Fitzgerald, we will make no further comment, but will only consider the other questions as to what effect this court will give to the decisions of the land department. It is well settled by the decisions of the supreme court of the United States and the federal cases that where, as in this case, the secretary of the interior is,

under the law, charged with the disposition of public lands until such lands have passed from the government and have become the subject of private ownership, the court has no right or authority whatever to disturb the determination or decision reached by the interior department.

In the case of *Gaines v. Thompson*, 7 Wall. 347, the plaintiff attempted to enjoin the secretary of the interior and the commissioner of the general land office from cancelling an entry upon a tract of land. The court held in that case that the act of the officers in cancelling the entry was one calling for the exercise of judgment and discretion and could not be controlled by the courts; that the act of the secretary of the interior in cancelling the entry of Gaines was one which called for the performance of the ordinary duties of the executive departments, and therefore that the court had no right to interfere in the exercise of his judgment and discretion, and in the opinion Mr. Justice Miller, in speaking of the power conferred upon the secretary of the interior in the administration of the laws relating to public lands, said:

"Certain powers and duties are confided to those officers and to them alone, and however the courts may, in ascertaining the rights of the parties in suits properly before them pass upon the legality of their acts, after the matter has once passed beyond their control, there exists no power in the courts, by any of its processes, to act upon the officer so as to interfere with the exercise of that judgment while the matter is properly before him for action. The reason for this is, that the law reposes this discretion in him for that occasion, and not in the courts."

The same doctrine was afterwards announced in *Litchfield v. Register and Receiver*, 9 Wall. 575, and the same rule was announced in *Secretary v. McGarrahan*, 9

Wall. 298, and *Marquez v. Frisbie*, 101 U. S. 475.    It may, we think, be stated that no decision can be found wherein the courts have in any manner attempted to control the secretary of the interior or the commissioner of the general land office, or any of the subordinate officers of the land department in the disposition of the public domain, the courts uniformly. holding that until the title to the land has passed from the government the courts will not exercise any jurisdiction over such lands.    After the title has passed from the government, then the courts may and do take jurisdiction for the purpose of determining whether or not the executive officers who are by law entrusted with the duty of the proper disposition of the public domain, have misapplied the law in making such disposition, but until title has so passed from the government, the courts uniformly refuse to act.

In this case Fitzgerald's right to have the question as to whether. or not the law has been misapplied in this case determined by the court cannot obtain until after the land department created by law for the purpose of disposing of these lands have finally acted, and when such time shall have arrived and patent has issued from the government the courts will then investigate for the purpose of determining whether or not the law, in the disposition of such lands, has been by the executive officers of the government misapplied.    The court below properly held in this case that the action of the register and receiver, the commissioner of the general land office, and the secretary of the interior, was not reviewable, and that the only power which the court had was to give effect to their decisions.

The judgment of the lower court is affirmed.

All the Justices concurring.