Submitted on briefs without argument Sept. 7, decided Sept. 26, 1911.

## WEATHERFORD v. McKAY.

[117 Pac. 969.]

EJECTMENT—JUDGMENT—TRIAL OF TITLE—RIGHT UNDER STATUTES.

1. Under Section 325, L. O. L., permitting one having a legal estate in realty and a present right to the possession to recover such possession, with damages, and section 337, making the judgment conclusive as to the estate in the property and the right of possession upon the party against whom it is rendered, title to land may be tried, in an action to recover possession; a judgment as to title being conclusive.

EJECTMENT—TITLE TO SUPPORT—CERTIFICATE FROM LAND OFFICE.

2. Though at common law plaintiff in ejectment was required to have a valid legal title to the land before action brought, yet an action in ejectment can be upheld when based upon a title evidenced by a final certificate issued by the register or receiver of the local land office.

EJECTMENT—TITLE TO SUPPORT ACTION—CLAIMANT OF PUBLIC LAND.

3. While under Section 325, L. O. L., permitting one having the legal estate in realty with a present right of possession to recover such possession, with damages, a claimant of public land, who has made final proof and obtained a final receipt from the local land office, has a vested right

in the land which will support ejectment, unless a proceeding had been begun to cancel the receipt, though patent has not yet issued, the institution of proceedings before the Department of the Interior, by the Commissioner of the General Land Office (31 Land Dec. Dept. Int. 527), upon the recommendation of the register or receiver of the local office, for the cancellation of the final receipt for causes affecting the validity of the claim, deprived the court of jurisdiction of an action of ejectment by claimant to recover possession of the land pending such proceedings.

MR. JUSTICE BURNETT dissents.

From Lincoln: LAWRENCE T. HARRIS, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by J. K. Weatherford against Robert McKay to recover the possession of real property, with damages for withholding the same. The cause being at issue was tried without a jury, and findings of fact were made by the court in substance as follows: That on September 3, 1900, Luther V. Fox made a homestead entry for 160 acres of land in Lincoln County, describing the premises, and on January 20, 1902, he secured from the receiver of the local land office a final certificate therefor; that on October 9, 1907, Fox executed to plaintiff a deed to the land; that prior to the commencement of this action the defendant was and ever since has been in the possession of the real property; that, as against plaintiff, the defendant has no right, title, or interest in or to the land, and his occupancy thereof is unlawful; that plaintiff has not sustained any damages by reason of the acts complained of; that, subject to the paramount title of the United States, plaintiff is the owner in fee of the premises, and entitled to the immediate possession thereof; and that testimony was received tending to show that the register and receiver of the local land office had recommended that Fox's entry be canceled, but no evidence was offered to prove that the Land Department of the United States had annulled the entry. Based on these findings and the conclusions of law deducible therefrom, judgment was given for the restitution of the land, and the defendant appeals.                                    REVERSED.

Submitted on briefs under the proviso of Rule 16 of the Supreme Court, 50 Or. 580 (91 Pac. x).

For appellant there was a brief over the names of *Mr. Robert A. Miller* and *Mr. William H. Fowler.*

For respondent there was a brief over the names of *Messrs. McFadden & Bryson* and *Mr. Percy R. Kelly.*

MR. JUSTICE MOORE delivered the opinion of the court.

No transcript of the testimony has been brought up, and the only question to be considered is whether or not the findings of fact support the judgment.

1. Our statute, regulating the practice in ejectment, contains clauses as follows:

"Any person who has a legal estate in real property and a present right to the possession thereof may recover such possession with damages for withholding the same, by an action at law." Section 325, L. O. L.

"The judgment therein shall be conclusive as to the estate in such property and the right to the possession thereof, so far as the same is thereby determined, upon the party against whom the same is given and against all persons claiming from, through or under such party after the commencement of such action." Section 337, L. O. L.

In *Hoover* v. *King*, 43 Or. 281, 284 (72 Pac. 880: 65 L. R. A. 790: 99 Am. St. Rep. 754), in referring to the enactment quoted, Mr. Justice BEAN says:

"It is thus apparent that the statute contemplates that the title to land may be tried in an action to recover possession thereof, and that, so far as the same is tried and determined, the judgment therein is conclusive upon the party against whom it is given."

Issue having been joined respecting the title to the land, and the foundation of that title having been challenged in the manner indicated, can the judgment be upheld?

2. At common law the plaintiff in an action of ejectment was required to show a valid legal title to the

demanded land at the time of the demise laid in the declaration and prior to the commencement of the action; a mere equitable interest in real property being insufficient for that purpose. 10 Am. & Eng. Enc. Law (2 ed.) 482; *Fenn* v. *Holme,* 21 How. 481 (16 L. Ed. 198); *Hooper* v. *Scheimer,* 23 How. 235 (16 L. Ed. 452). This ancient rule has been changed in some states by statute, and in others by judicial interpretation, so as to permit an action of ejectment to be supported upon proof of a plaintiff's equitable estate in land, when the evidence showed that he had a right to the immediate possession of the premises. Warvelle, Ejectment, § 235. The alteration referred to seemed to be necessitated by the peculiar conditions attending the pioneer settlements upon the public lands of the Pacific Coast: *Coryell* v. *Cain,* 16 Cal. 567.

In a new country, the speedy settlement of which has been induced by the discovery of precious metals, or by a realization of the immense wealth of timber, or a knowledge that certain lands will immediately become valuable as a town site, or for any other purpose, covetousness often prompts others to obtain, if possible, real property to which prior occupants have secured a preferred right; and in order to protect that right judicial tribunals have been obliged to so construe the principles of the common law and to expand its rules to meet the needs and to satisfy the demands of modern civilization, and as an outgrowth of that doctrine it has been held by the courts of last resort in some of the middle and in most of the great western states that an equitable estate in lands, coupled with a right to the immediate possession thereof, was sufficient to maintain an action of ejectment.

The doctrine referred to has not been carried in Oregon to the extent noted, but it was early held that an action of ejectment could be upheld, when based upon a title

evidenced by a final certificate issued by the register and receiver of the local land office and lawfully held by a plaintiff; the court saying:

"And in any case, although the legal title is still in the United States, we think the donee of a land claim, having obtained a certificate thereto, or his assignee, may maintain this action against one who shows no color of title." *Keith* v. *Cheeny,* 1 Or. 285, 287.

In *Rader* v. *Allen,* 27 Or. 344, 348 (41 Pac. 154, 155), it was determined that a receiver's certificate issued for mining lands afforded adequate evidence, and was sufficient to support an action of ejectment; Mr. Justice WOL-VERTON remarking:

"The rule is that, when the contract of purchase is completed by payment of the purchase money and the issuance of the patent certificate by the authorized agent of the government, the purchaser acquires a vested right in the land of which he cannot be subsequently deprived, if he has complied with the law prior to the entry. It then ceases to be a part of the public domain, and is no longer subject to the laws governing the disposition of public lands. * * Such an interest is a legal estate in lands, and can be recovered by an action of ejectment."

In that case, as "a legal estate in real property" is made a condition precedent to the enforcement of a right to the possession of the premises, it was consonant with the doctrine announced and necessary to so construe the provisions of the statute (Section 325, L. O. L.) as to make a final receipt evidence of the transfer of a "legal" estate, though no patent to the land had then been issued by the officers of the United States.

The interpretation thus given is not forced, for, though it is generally asserted that a legal title to real property can be transferred only by the execution of a sealed instrument, or by some other mode of conveyance duly evidenced by a writing, the rule is settled in this State that an adverse possession of land for the period pre-

scribed by the statute creates such a "legal" estate as will support an action of ejectment. *Joy* v. *Stump,* 14 Or. 361 (12 Pac. 929) ; *Barrell* v. *Title Guarantee Co.,* 27 Or. 77 (39 Pac. 992) ; °*Pearson* v. *Dryden,* 28 Or. 350 (43 Pac. 166) ; *Neal* v. *Davis,* 53 Or. 423 (99 Pac. 69: 101 Pac. 212).

In *Pierce* v. *Frace,* 2 Wash. 81 (26 Pac. 192, 807), it was ruled that the holder of a final receipt for the entry of public lands, which certificate was in force and uncanceled, could maintain an action of ejectment to protect his possession; but that until the issuance of a patent for the real property the Commissioner of the General Land Office might suspend the entry and order a reexamination, at which, if it appeared that the claimant had not complied with the requirements of the law, the entry could be canceled.

In *Hays* v. *Parker,* 2 Wash. T. 198 (3 Pac. 901), in an action of ejectment, where the plaintiff alleged title to the demanded premises by virtue of a certificate of purchase issued to him by a receiver of public money of the United States, it was held that the defendant might properly plead, by way of inducement, a certain state of facts, by reason whereof the Commissioner of the General Land Office caused such certificate to be canceled; that striking such matter from the answer, and refusing to permit testimony tending to prove the fact as explanatory of the Commissioners' action, were erroneous; and that, in such an action, if in the course of the trial it was made to appear to the court that at the time of the commencement of the action the claims of the respective parties to the land in dispute were being waged in the Department of the Interior of the United States, and were not fully determined by the executive branch of the government, it was not proper for the court to aid either party by way of affirmative relief, but that the action should have been dismissed at the cost of plaintiff, and the refusal of the court to so adjudge was error.

If a claimant of public land has performed in good faith all the conditions required of him by the laws of the United States, made final proof in support of his entry, and thereupon secured from the receiver of the local land office the requisite final receipt, he has obtained, as was said in *Rader* v. *Allen,* 27 Or. 344, 348 (41 Pac. 154, 155), "a vested right in the land, of which he cannot be subsequently deprived." Until the patent has been issued by the proper officers of the United States, evidencing a transfer of the legal title, the Land Department retains jurisdiction of the subject-matter, and if the right of the person receiving the final certificate to obtain the land is challenged on the ground of his fraud, or that he has not complied with the requirements of the law, and at a trial such charge is substantiated, the entry may be canceled and the land restored to the public domain.

3. The revised rules of practice adopted by the Department of the Interior, July 15, 1901, and in force when the final certificate issued hereon was challenged (31 Land Dec. Dept. Int. 527), provides that a contest may be initiated against a party to any entry under the laws of Congress relating to public lands for any sufficient cause affecting the legality or validity of the claims. Rule 1.

"Registers and receivers may order hearings in all cases wherein entry has not been perfected and no certificate has been issued as a basis for patent." Rule 4.

"In case of an entry or location on which final certificate has been issued the hearing will be ordered only by direction of the Commissioner of the General Land Office." Rule 5.

"Applications for hearings under rule 5 must be transmitted by the register and receiver with special report and recommendations to the Commissioner for his determination and instructions." Rule 6.

Pursuant to these rules, the recommendation made by the register and receiver to the Commissioner of the General Land Office, that the entry made by Fox of the land

in controversy be canceled, initiated in the manner prescribed, a contest respecting the validity of the entry, thereby challenging plaintiff's title and depriving the trial court of jurisdiction of the subject-matter, until after the title to the land has passed from the government. *Fitzgerald* v. *Keith,* 5 Okl. 260 (48 Pac. 110).

The findings of fact do not support the judgment, which is reversed, and the cause remanded, with directions to dismiss the action.                                REVERSED.

MR. JUSTICE BURNETT dissents.