Argued November 1, decided November 28, 1911.

## CARROLL v. McLAREN.

[118 Pac. 1034.]

QUIETING TITLE—EQUITABLE JURISDICTION—POSSESSION BY PLAINTIFF —WAIVER.

1. The subject of a suit, under Section 516, L. O. L., to quiet title is of equitable cognizance, and the fact that plaintiff is not in possession may be waived.

QUIETING TITLE—EQUITABLE JURISDICTION—POSSESSION BY PLAINTIFF —WAIVER.

2. A defendant, in a suit under Section 516, L. O. L., to quiet title, who answers to the merits, and who seeks affirmative equitable relief, waives the fact that plaintiff is not in possession, and the court may exercise its jurisdiction and grant relief.

EJECTMENT—PLEADING—ADMISSIONS.

3. An averment in the complaint in ejectment that defendant is in possession of the property, the legal title to which plaintiff claims, is an admission of the *prima facie* title in defendant sufficient as against all persons, except the true owner, and plaintiff to recover must prove title.

EJECTMENT—"JUDGMENT CONCLUSIVE OF TITLE"—CONCLUSIVENESS.

4. A judgment for defendant in ejectment by plaintiff, who alleged that he was the owner in fee, but that defendant was in possession, rendered on a directed verdict for defendant after the court, on motion of plaintiff, had taken from the jury the testimony of defendant, and after plaintiff had failed to prove title, is a judgment on the merits, and is conclusive on the question of title, within Sections 329, 337, L. O. L., requiring the jury to find, if the verdict be for defendant, that plaintiff is not entitled to possession, and that the judgment shall be conclusive as to the estate and the right to the possession thereof, so far as the same is determined.

From Union: JOHN W. KNOWLES, Judge.

This is a suit by J. E. Carroll against J. R. McLaren to quiet title to certain lots in the town of North Powder. From a decree in favor of defendant, plaintiff appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. James D. Slater.*

For respondent there was a brief over the names of *Mr. Turner Oliver* and *Mr. Thomas H. Crawford,* with an oral argument by *Mr. Oliver.*

Opinion by MR. CHIEF JUSTICE EAKIN.

This is a suit to quiet the title to lots 6, 7, 8, 9 and 10 in block 21 of the town of North Powder. Defendant denies plaintiff's ownership and possession of the lots, and alleges that he is the owner and in the possession thereof.

1, 2. The first contention of defendant is that at the trial it appeared that plaintiff was not in possession of the property at the time the suit was commenced, and that therefore the court is without jurisdiction, contending that such possession was jurisdictional under Section 516, L. O. L. The subject of the suit is of equitable cognizance to quiet title, and in such a case the fact that plaintiff is

not in possession of the property may be waived, and where the defendant answers to the merits and seeks affirmative equitable relief, as is done here, the court may proceed with the exercise of jurisdiction, and grant the equitable relief appropriate in the case. This is the holding in *O'Hara* v. *Parker*, 27 Or. 156 (39 Pac. 1004), and in *State* v. *Blize*, 37 Or. 404 (61 Pac. 735), and it is fully discussed in *Maxwell* v. *Frazier*, 52 Or. 183, 187 (96 Pac. 548: 18 L. R. A. [N. S.] 102). The defendant, having submitted himself to the court, and having invoked that jurisdiction for affirmative relief, has waived the right to question the jurisdiction of the court.

Plaintiff, to establish his title to the premises, offered in evidence the judgment in ejectment, rendered by the circuit court of the State of Oregon, for Union County, on October 19, 1909, in the case of George A. Lee against J. E. Carroll (this defendant) ; the judgment being as follows:

"Now, at this time this cause came on for further trial before the same jury as of yesterday, the parties thereto appearing by their respective attorneys, and the taking of testimony on part of the plaintiff in chief having been concluded, and the defendant having introduced his evidence, the plaintiff, by his attorneys in open court, moves the court to take from the jury all the testimony and evidence offered on part of defendant, and, the motion having been argued and submitted, it is by the court ordered and directed that all of, the testimony admitted on part of the defendant be, and the same is hereby, taken from the jury. Whereupon the defendant moves in open court for an order instructing the jury to return a verdict in favor of defendant, that he is the owner and entitled to the possession against the plaintiff of the property described in the complaint, for the reason that the plaintiff has failed to prove a case sufficient to go to the jury as follows, to wit: That the conveyance introduced in evidence by plaintiff from James Welch and wife to J. M. Buckley refers to a plat of the town of North Powder then on file in the office of the county clerk of Union County, Oregon, and that no such plat has been shown or

proved, and the only plat introduced in evidence shows upon its face that it was made and acknowledged in September, 1885, and that plaintiff has shown no title to the property described in the complaint, and the plaintiff moves in open court for an order directing the jury to return a verdict in favor of the plaintiff that plaintiff is the owner and entitled to the immediate possession of the property described in the complaint, to wit: Lots 6, 7, 8, 9 and 10, in block 21, of the town of North Powder, in Union County, Oregon, according to the plat of said town now of record in the office of the recorder of conveyances of Union County, Oregon, and, the two said motions having been argued and submitted together, it is ordered and directed that the jury return a verdict in favor of the defendant that defendant is the owner and entitled to the possession of the property described in the complaint, and plaintiff's motion is denied. Whereupon the jury returned into court the following verdict: 'We, the jury in the above-entitled action, find that defendant, J. E. Carroll, is the owner and entitled to the possession, as against the plaintiff, of the property described in the complaint, to wit, lots 6, 7, 8, 9 and 10, of block 21, of the town of North Powder, Union County, Oregon, according to the plat of said town now of record in the office of the recorder of conveyances of Union County, Oregon. B. W. Bates, Foreman.' Which verdict was read in open court, and ordered filed. Whereupon the defendant, in open court, moves for the entry of judgment upon the verdict, and it is therefore by the court ordered and adjudged that the defendant, J. E. Carroll, is the owner and entitled to the possession as against the plaintiff, Geo. A. Lee, of the property described in the complaint, to wit, lots 6, 7, 8, 9 and 10, of block 21, of the town of North Powder, Union County, Oregon, according to the plat of said town of record in the office of the recorder of conveyances of Union County, Oregon, and that said defendant, J. E. Carroll, have and recover of and from the plaintiff, Geo. A. Lee, defendant's cost and disbursements in this action to be taxed, and that execution issue therefor."

Plaintiff also introduced in evidence a quitclaim deed, executed by George A. Lee and wife to this defendant, McLaren, of date December 31, 1909, and rested.

3, 4. Defendant thereupon offered in evidence the transfer of the land by the United States to the State of Oregon, and the conveyance by the State of Oregon to James Welch, and plat of the town of North Powder, made by James Welch, dated September 16, 1885; a quit-claim deed by James Welch to this defendant, McLaren, dated December 15, 1909. Plaintiff thereupon offered in evidence a prior warranty deed to these lots, given by James Welch to Buckley, of date March 1, 1882, being the deed in the chain of title to George A. Lee, plaintiff in the ejectment action. The judgment, if otherwise sufficient, is a bar to this defendant's title under the Welch deed of December 15, 1909. At that date, Welch had no title of transfer to the defendant by quitclaim deed or otherwise, and therefore the defense is not aided thereby.

The only other question for consideration is whether the judgment, at the time it was rendered, concluded the title of Lee, and, if it did, it also concluded the title of this defendant, McLaren. In the ejectment action, Lee, the plaintiff, alleged that he was the owner of the property in fee, and that defendant was in possession thereof; therefore his right of recovery depended upon proof of that title. The statement in his complaint that the defendant was in the possession of the lots was an admission of a *prima facie* title in the defendant sufficient, as against all persons, except the true owner, to entitle defendant to judgment. *O. R. & N. Co.* v. *Hertzberg,* 26 Or. 216: 222 (37 Pac. 1019); *Browning* v. *Lewis,* 39 Or. 11: 17 (64 Pac. 304); *Sommer* v. *Compton,* 52 Or. 173 (96 Pac. 124: 1065); *Gallagher* v. *Kelliher,* 58 Or. 557 (114 Pac. 943); *Wilson* v. *Fine* (D. C.) 38 Fed. 789; *Mickey* v. *Stratton,* 5 Sawy. 475, Fed. Cas. No. 9,530; *Campbell* v. *Silver Bow Mining Co.,* 49 Fed. 47 (1 C. C. A. 155). Therefore, even though the court struck out all of defendant's evidence in that action, there still remained to support his title the admission of his possession, upon

which he was entitled to judgment, if the plaintiff did not prove a better title. Plaintiff, having proceeded to trial on the merits, was bound by the result. He will not be permitted to speculate on the result of the trial and, if defeated, begin another action based upon the same title. He was bound to present his whole case; or, if he deemed his evidence insufficient to entitle him to recovery, and he desired to save his right to begin another action, he should have taken a nonsuit. When a matter is once fairly litigated, there is an end of the controversy.

It is said in *White* v. *Ladd,* 41 Or. 332 (68 Pac. 741: 93 Am. St. Rep. 732) :

"The potency of the judgment as an estoppel concludes every fact necessary to uphold it, and extends not only to matters actually determined, but to every other matter which the parties might have litigated and have had decided as incident to and essentially connected with the subject-matter of the litigation. * * This applies where a subsequent action is sought to be maintained upon the same claim or demand."

In 23 Cyc. 1288, it is said that a judgment "is conclusive and indisputable evidence as to all the points or questions in issue in the suit, and actually adjudicated therein, when the same come again into controversy between the same parties or their privies in proceedings upon the same or a different cause of action." Defendant, however, contends that the judgment was not an adjudication upon the merits, and therefore not a bar to another action, and he seeks in this suit to try out the title litigated in the ejectment action. Section 337, L. O. L., provides that "the judgment shall be conclusive as to the estate in such property and the right to the possession thereof, so far as the same is thereby determined, upon the party against whom the same is given, and against all persons claiming from, through, or under such party." And in Section 329, L. O. L.:

"The jury by their verdict shall find as follows:
* * (2) If the verdict be for the defendant, that the
plaintiff is not entitled to the possession of the property
described in the complaint, or to such part thereof as the
defendant defends for, and the estate in such property or
part thereof * * established on the trail by the defend-
ant, if any; in effect as the same is required to be pleaded."

As appeared from the judgment entry, the plaintiff
failed to prove any title to the property, and the evidence
offered by defendant was stricken out, and upon that con-
dition of the case both parties submitted the case on its
merits, and each asked for an instructed verdict in his
favor, and the court directed that the jury return a
verdict in favor of defendant; that the defendant is the
owner and entitled to the possession of the property
described; and plaintiff's motion was denied, the
verdict returned, and judgment was rendered thereon
accordingly. This was an adjudication that the plaintiff
had not established any title to the property, and defend-
ant's prior possession, as admitted by the pleadings, is
sufficient to support the judgment, and that judgment con-
cludes the plaintiff in that action to thereafter maintain
an action on the same title. The verdict in that action
was no more than a finding by the court that, as against
the plaintiff, the defendant was the owner and entitled to
the possession of the property. In *Hoover* v. *King,* 43
Or. 284 (72 Pac. 881: 65 L. R. A. 790: 99 Am. St. Rep.
754), it is held, the verdict being simply "for the defend-
ant," and the judgment rendered thereon "ordered and
adjudged that said motion for judgment be and the same
is hereby, granted and allowed, and that plaintiff's com-
plaint filed herein be, and the same is hereby, dismissed,
and the defendants have and recover of and from the
plaintiff their costs," that there was no adjudication of
the title, and another action was not barred thereby. But
it further held that, if the judgment adjudicated the title,
even on such a verdict, it would be sufficient against col-

lateral attack.   In the ejectment action, the title is found to be in the defendant therein, and the judgment also adjudicates that defendant therein is the owner and entitled to the possession of the property as against the plaintiff, and is therefore conclusive of the title.   The only title relied upon by McLaren is by quitclaim deed from George A. Lee for the same property, executed subsequent to that judgment, and he is barred thereby.

The decree of the lower court will be reversed, and one rendered here, adjudging that defendant has not the title to the premises in question, and quieting plaintiff's title thereto.                       REVERSED : DECREE RENDERED.