Argued November 28, affirmed December 31, 1956

# MOORE ET UX *v.* SPELLMAN
## 305 P. 2d 394

*Orval N. Thompson* argued the cause for appellants. On the brief were Weatherford and Thompson, Albany, and G. K. Litchfield, Newport.

*T. M. Morris,* Corvallis, argued the cause and filed a brief for respondent.

Before WARNER, Chief Justice, and ROSSMAN, PERRY and McALLISTER, Justices.

ROSSMAN, J.

This is an appeal by the plaintiffs, husband and wife, from a judgment which the circuit court entered in favor of the defendant after it had made supporting findings of fact and conclusions of law. The action which culminated in the challenged judgment was in

ejectment and its subject matter was a tract of land in Lincoln county adjacent to Yaquina Bay.

The appellants (plaintiffs) present twelve assignments of error. Five of them challenge findings of fact entered by the trial judge and three are based upon tendered findings which the trial judge rejected. The ninth assignment attacks a conclusion of law which held that "the plaintiffs are not entitled to any relief of any kind in this action; * * *." The tenth is based upon a conclusion of law which plaintiffs tendered and which the court rejected. The tendered conclusion stated: "That the defendant was in the unlawful and wrongful possession of the land of plaintiffs * * * and plaintiffs are entitled to a judgment of eviction * * *." The eleventh assignment of error challenges entry of judgment in favor of the defendant, and the twelfth complains because judgment was not given to the plaintiffs.

The transcript of evidence covers 246 pages and is supplemented by 23 exhibits. The trial occurred in three segments. The first of them began February 21, 1951, and was concerned principally with (1) the tidelands in front of the plaintiffs' tract of land; (2) a small parcel of land east of the main tract which the plaintiffs owned; (3) a contention by the plaintiffs that a small marine railway and tool house which the defendant had constructed upon the tideland in front of plaintiffs' property infringed upon the plaintiffs' property rights; and (4) the reasonable rental value of the land occupied by the structures to which we just referred. After testimony had been presented upon the subjects just mentioned, a recess was taken until April 9, 1951.

When the trial of the cause was resumed April 9, 1951, the defendant presented evidence which he

claimed showed that (1) the Port of Newport was the owner of the strip of tideland upon which he built the tool house and marine railway; (2) before he constructed his structures he secured a lease from the Port of Newport; and (3) that he built the structures upon the tideland and not upon any part of the plaintiffs' land. After the defendant had presented his evidence, the trial judge and counsel for the parties became engrossed in questions as to whether or not (a) a counterclaim can be filed in ejectment actions, and (b) the plaintiffs owned or controlled the tideland in front of their property. Another recess was then declared so as to afford counsel opportunity to prepare briefs upon those issues for the court.

July 21, 1952, the trial resumed. This time the plaintiffs presented evidence which indicated that after they had purchased the tract, the defendant constructed upon a part of it which lay above the high water line an electric wire fence which enclosed about five acres. They testified that the fence excluded them from the land surrounded by it and rendered it difficult for them to reach parts of their tract. The fence was made of a single wire and stood two or two and one half feet above the ground. In the two previous hearings no mention had been made of the fence. No witness testified that he ever saw the defendant within the fenced area, and the defendant swore that he built the fence before the plaintiffs made their purchase.

We have carefully read the entire transcript of evidence and have familiarized ourselves with all of the exhibits. We have likewise studied the briefs of counsel and the authorities cited in them. It appears to us that the disagreements of the parties arise out of the evidence rather than the controlling principles of law. The appellants' brief cites only three decisions

and a single section of our laws. The section is ORS 105.005, which makes provision for the action of ejectment. The three decisions are *Hoover v. King,* 43 Or 281, 72 P 880; *Rafferty v. Davis,* 54 Or 77, 102 P 305; and *Weatherford v. McKay,* 59 Or 558, 117 P 969. The defendant's brief takes no issue with anything said in those decisions nor with any other principle of law submitted by the plaintiffs. It confines its legal treatment of the appeal largely to the proposition that the plaintiffs have no title to the tideland. We understand that the plaintiffs do not contend to the contrary. The respondent's (defendant's) brief says:

"The last described tract was thereafter variously conveyed, until finally title thereto, along with other lands, reached the Respondent in the year 1939, and it is this strip off the east side of lot 4 that Appellants admit is owned by Respondent. In all of the conveyances of this strip it is described as above, and in all of the conveyances of the remainder of the land covered by said patent to and including the deed to the Respondents this strip is referred to as 3.56 acres. On page 18 of Appellants' brief, while admitting that the Respondent owns this strip, through an oversight they incorrectly state that it is out of the east portion of the land now owned by Spellman, whereas, they intended to state that it is out of the east portion of lot 4, and owned by Spellman. Respondent does not dispute Appellants' ownership of any portion of the remainder of said lot 4, and page 3 of Appellants' Abstract of Record shows that all of the land involved in this action lies in said lot 4."

We believe that the challenged findings of fact correctly state the facts which were developed upon the trial. We are aware of no occasion for analyzing them one by one. They received no treatment of that kind in the briefs. We also believe that the conclusions

of law are free from error. The legal principles which control them present no new or unusual issue. The law which governs the conclusions of law is well established, as can be seen in a measure from the fact that the most recent decision cited by the parties is *Carroll v. McLaren,* 60 Or 233, 118 P 1034, which was decided in 1911.

The findings of fact and the conclusions of law warrant the challenged judgment. Since we have found no error, the challenged judgment is affirmed.