Submitted on the brief and record April 12, decision of Court of Appeals reversed; judgment of circuit court reversed, and case remanded to circuit court for further proceedings May 25, 2006

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## LEE SCOTT WERDELL,
*Petitioner on Review.*

(CC 01CR0750; CA A119326; SC S52980)

136 P3d 17

Lee Scott Werdell, *in propia persona*, Medford, filed the petition for review for himself.

Jonathan H. Fussner, Assistant Attorney General, Salem, filed the brief for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

GILLETTE, J.

## GILLETTE, J.

This is a criminal case in which defendant, a practicing lawyer, was convicted after a jury trial in Curry County of one count of hindering prosecution, ORS 162.325. He appealed to the Court of Appeals, arguing (1) that venue for the charge did not lie in Curry County and (2) that in any event the facts did not constitute the offense. The Court of Appeals affirmed. *State v. Werdell*, 202 Or App 413, 122 P3d 86 (2005). We allowed defendant's petition for review and now, for the reasons that follow, reverse his conviction.

We state the relevant facts in the light most favorable to the state. *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998). Defendant's adopted adult son, Everts, who has a felony record, a history of alcohol and substance abuse, and a history of brandishing weapons, was involved in a boating accident in October 2000 off the Southern Oregon coast. A friend of Everts died in the accident. Everts was operating the boat; he had been drinking at the time. When he had recovered sufficiently from the injuries that he suffered in the accident, he was lodged in the Curry County Jail for violating his probation by drinking alcohol. Eventually, he was charged with negligent homicide in Curry County.

A day or two after the accident, Everts's girlfriend, Hagen, went to the campsite in Curry County where Everts had been camping at the time of the accident to collect Everts's truck and his other belongings. While doing so, she discovered a gun in a cooler that belonged to Everts. Everts was a convicted felon and, as such, was not permitted to possess a gun. Hagen also discovered a partially consumed bottle of tequila. She brought everything to her home in Medford (Jackson County) and called defendant, who also lives in Medford. Defendant went to Hagen's home and retrieved the gun and the bottle of tequila. He disposed of the bottle in the trash. He took the gun to Applegate Lake in Jackson County and tossed it into the water.

Some time later, after Everts had been released from jail for the probation violation (but before his conviction on the negligent homicide charge), Everts assaulted Hagen. She called the police and lodged a complaint against him. Soon

thereafter, Hagen told a domestic violence counselor that charges were pending against Everts in Curry County. The counselor advised her to notify the Curry County District Attorney about the assault. A Curry County police officer then called Hagen to interview her in connection with the assault complaint and, during that interview, Hagen mentioned the fact that Everts had had the tequila and the gun in his possession at the time of the boating accident.[1] She also told the police of defendant's involvement in disposing of those items.

The police arrested defendant on the charge of hindering prosecution. Defendant testified fully before a Curry County grand jury, which indicted him for that crime on two counts, one based on his disposal of the gun and one based on his disposal of the bottle of tequila. Before trial, defendant demurred to the indictment on two grounds: (1) that venue for the alleged crime could not lie in Curry County because all of defendant's actions took place in Jackson County; and (2) that ORS 162.325 does not apply to his conduct because the disposal of the gun and the tequila bottle in no way impeded the state's ability to discover or apprehend Everts, particularly in light of the fact that Everts was in custody at the time that defendant acted. The trial court denied the demurrer, and the case proceeded to trial. During trial, the trial court dismissed the count in the indictment involving the bottle of tequila, but permitted the count respecting the gun to go to the jury. The jury convicted defendant on that remaining count.

As noted, defendant appealed his conviction to the Court of Appeals, which affirmed. The Court of Appeals agreed with the trial court that the hindering prosecution statute, ORS 162.325, applies to the destruction of evidence that might lead the police to discover that a crime had been committed. *Werdell*, 202 Or App at 419. The court further agreed that, in a case charging hindering prosecution, venue is proper both in the county in which the defendant acted and in the county in which the underlying felony, the prosecution

---

[1] Everts subsequently was indicted on a charge of felon in possession of a firearm. He later pleaded guilty to that charge, as well as to the offense of criminally negligent homicide. He was sentenced to a term of imprisonment.

of which the defendant allegedly hindered, was committed. *Id.* at 429-30. We allowed defendant's petition for review.

Because it is dispositive, we turn to the issue whether defendant's acts constituted the crime of hindering prosecution. ORS 162.325(1), the statute that defines that offense, provides:

> "A person commits the crime of hindering prosecution if, *with intent to hinder the apprehension, prosecution, conviction or punishment of a person* who has committed a crime punishable as a felony, or with the intent to assist a person who has committed a crime punishable as a felony in profiting or benefitting from the commission of the crime, the person:
>
> "(a)   Harbors or conceals such person; or
>
> "(b)   Warns such person of impending discovery or apprehension; or
>
> "(c)   Provides or aids in providing such person with money, transportation, weapon, disguise or other means of avoiding discovery or apprehension; or
>
> "(d)   Prevents or obstructs, by means of force, intimidation or deception, anyone from performing an act which might aid in the discovery or apprehension of such person; or
>
> "(e)   *Suppresses by any act of concealment, alteration or destruction physical evidence which might aid in the discovery or apprehension of such person*; or
>
> "(f)   Aids such person in securing or protecting the proceeds of the crime."

(Emphasis added.) Defendant was indicted under paragraph (1)(e) of that statute.

The Court of Appeals conducted a *PGE* analysis of the statute.[2] That court began by looking at the dictionary definitions of "discovery" and "apprehension" and by observing that the statute applies when a person suppresses evidence that "*might aid*" in the discovery or apprehension of

---

[2] *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993) (describing paradigm for construing statutory wording).

another. *Werdell*, 202 Or App at 419 (emphasis in original). Further, the court observed that the statute applies to the suppression of evidence that might aid in the discovery or apprehension of "such person," which, in context, is a clear reference to "a person who has committed a crime punishable as a felony." *Id.* From that, the court concluded that the statute "focuses on the suppression of evidence that might link a person with the commission of a particular crime, not with merely identifying and arresting the person, without regard to the reason." *Id.* It follows, the Court of Appeals reasoned, that the fact that a person is in custody on an unrelated matter is irrelevant, and the trial court was correct to deny defendant's motion for judgment of acquittal on the charge of hindering prosecution. *Id.*

Defendant challenges the foregoing analysis of the Court of Appeals on a number of grounds, only two of which require discussion here. He first asserts that the Court of Appeals went astray when it focused on the dictionary definition of the word "discovery" in ORS 162.325(1)(e) as meaning, essentially, learning something unknown. That is, the court incorrectly reasoned that the fact that Everts had possessed a gun was unknown and, therefore, defendant's throwing the gun in the lake made discovery of that unknown fact more difficult. The problem with that reasoning, defendant argues, is that it ignores the actual words of the statute. The text of ORS 162.325(1)(e) provides that a person commits the crime of hindering prosecution "if, with intent to hinder the apprehension, prosecution, conviction or punishment of a person who has committed a crime punishable as a felony," the person "[s]uppresses by any act of concealment, alteration or destruction physical evidence which might aid in the discovery or apprehension of such person." The plain words of the statute, defendant asserts, mean that the true issue is whether defendant suppressed evidence that "might aid in the discovery or apprehension of such person," that is, "a person who has committed a crime punishable as a felony." The issue is *not* whether defendant suppressed evidence that might have aided in the discovery *of the fact that such a person had committed a crime*. The Court of Appeals' interpretation of the statute, defendant argues, improperly inserts

into the statute what has been omitted, contrary to the enjoinder in ORS 174.010 not to do so.[3]

Second, defendant relies on the specific context in which paragraph (e) of subsection (1) appears, *viz.*, the other paragraphs of ORS 162.325(1). Defendant asserts that all the other paragraphs except the last, ORS 162.325(1)(f), plainly are directed at conduct that would tend to make it more difficult to discover the location of a known perpetrator and to place that person in custody. For example, paragraph (a) deals with harboring or concealing such a person. Paragraph (b) deals with warning the person of impending discovery or apprehension. Paragraph (c) deals with providing such a person with money or other means of avoiding discovery or apprehension. And paragraph (d) deals with preventing someone else from aiding in the discovery or apprehension of the person.[4]

We agree with both arguments. First, we agree with defendant that the Court of Appeals concentrated on the word "discovery" in ORS 162.325(1)(e) in isolation, rather than reading that word *in pari materia* with the wording of subsection (1) and the balance of paragraph (e). Respecting subsection (1), a person hinders prosecution if he or she commits certain specified acts "with intent to hinder the apprehension, prosecution, conviction or punishment *of a person*" who has committed a felony. The introductory wording of ORS 162.325(1) clearly focuses on a defendant's conduct with respect to an offender, a *person*. The object of all its verbs is the person who has committed a crime, not the crime itself.

---

[3] ORS 174.010 provides:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

[4] Paragraph (f) of subsection (1) is somewhat different, defendant acknowledges, in that it deals with protecting the proceeds of the crime, but that paragraph clearly relates to the other way that the crime of hindering prosecution can be committed: by acting "with the intent to assist a person who has committed a crime punishable as a felony in profiting or benefitting from the commission of the crime." Thus, defendant argues, that paragraph does not undermine the argument that the point of ORS 162.325(1)(e) is to criminalize conduct that makes it harder to find or to apprehend a known criminal.

That theme continues in paragraph (e) of subsection (1). The "discovery" with which that paragraph is concerned is the discovery of a particular "person who has committed a crime punishable as felony." Those words will not stretch to cover the "discovery * * * that a known person has committed a crime punishable as a felony"—as they would have to do, were the Court of Appeals' construction of the wording correct.

Second, we agree that defendant's reading of paragraph (e) is confirmed by the fact that all the other paragraphs of ORS 162.325(1) (except paragraph (f), which we address separately below) are concerned with the same thing, *viz.*, locating or apprehending a *felon*. Not one of the other four paragraphs of subsection (1)—(a) to (d)—even arguably is about discovery of a *crime*. Applying the familiar principle of *ejusdem generis*, we conclude from its similar focus and wording that paragraph (e) is similarly limited in scope. *See, e.g., Dearborn v. Real Estate Agency*, 334 Or 493, 500-01, 53 P3d 436 (2002) (illustrating application of principle to limit scope of one statutory subsection in light of limited scope of other subsections).

Neither is the foregoing reading in any way undermined by the wording of paragraph (f) of subsection (1). As noted, that paragraph provides that a person commits the crime of hindering prosecution if that person "[a]ids [a person who has committed a crime punishable as a felony] in securing or protecting the proceeds of the crime." First, the wording of that paragraph does not, any more than does the wording of paragraph (a) to (e) of subsection (1), suggest any legislative focus on discovering the fact that a crime had been committed. Moreover, as suggested earlier, the wording is, in any event, focused on the separate concern of subsection (1) of ORS 162.325, *viz.*, forbidding a person from "assist[ing] a person who has committed a crime punishable as a felony in profiting or benefiting from the commission of the crime."

Based on our reading of ORS 162.325(1)(e) in context, we conclude that defendant's acts, construed in the light most favorable to the state, could not, as a matter of law, constitute the crime of hindering prosecution. Simply put, defendant's acts did not "conceal[ ] * * * or destr[oy] physical evidence which might aid in the discovery or apprehension of

[Everts]." The trial court erred in submitting the contrary theory to the jury, and the Court of Appeals erred in affirming the trial court's ruling. Defendant's conviction for hindering prosecution is reversed.[5]

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

[5] Because of the disposition that we make of this case under ORS 162.325(1)(e), we need not address defendant's alternative argument that venue for the alleged offense could not lie in Curry County.