Argued and submitted March 8, 2005, complaint dismissed May 25, 2006

In re Complaint as to the Conduct of

# LEE S. WERDELL,
*Accused.*

(OSB 02-130; SC S51668)

136 P3d 21

Lee S. Werdell, *in propia persona*, Medford, argued the cause and filed the brief for himself.

Jane E. Angus, Assistant Disciplinary Counsel, Lake Oswego, argued the cause and filed the brief for the Oregon State Bar. With her on the brief was Louis L. Kurtz, Bar Counsel, Eugene.

Before Carson,* Chief Justice, and Gillette, Durham, Riggs, De Muniz,** Balmer, and Kistler, Justices.

PER CURIAM

---

\* Chief Justice when case was argued.

\*\* Chief Justice when decision was rendered.

## PER CURIAM

This is a lawyer disciplinary case involving a lawyer who was convicted of the felony of hindering prosecution, ORS 162.325.[1] The Oregon State Bar brought the present disciplinary proceeding against him, asserting that the criminal conviction required discipline under both *former* DR 1-102(A)(2) (engaging in criminal conduct reflecting adversely on lawyer's honesty, trustworthiness, or fitness to practice law)[2] and ORS 9.527(2) (authorizing imposition of sanction when lawyer convicted of felony). A trial panel of the Bar found the accused guilty of the charged violation and imposed a one-year suspension from the practice of law. (One panel member, dissenting as to the sanction, would have imposed a six-month suspension.)

The accused seeks review. He forthrightly acknowledges what he has done, but grounds his argument in a collateral attack on his criminal conviction. That conviction has been pending on appeal. For its part, the Bar forthrightly acknowledges that its case depends on the efficacy of the criminal conviction: If the criminal conviction were overturned, then the Bar's legal theory likewise would not be well taken and the proceedings against the accused should be dismissed. We therefore have chosen to delay disposing of this disciplinary case until the Court of Appeals decided the accused's criminal appeal.

The Court of Appeals affirmed the accused's conviction. *State v. Werdell*, 202 Or App 413, 122 P3d 86 (2005). The accused sought review of that decision in this court. We allowed review and today have reversed the decision of the Court of Appeals, holding that the facts of the case do not permit defendant to be convicted of the underlying charge. *See State v. Werdell*, 340 Or 590, 136 P3d 17 (2006) (so holding). It follows from that outcome in the criminal case and from the Bar's concession that the present proceedings against the

---

[1] The facts of the case are fully set forth in *State v. Werdell*, 340 Or 590, 136 P3d 17 (2006), and will not be repeated here.

[2] The Oregon Rules of Professional Conduct became effective on January 1, 2005. The conduct at issue in this proceeding occurred before that date, and we therefore apply the former Code of Professional Responsibility.

accused must be dismissed. *See, e.g., In re Leisure*, 336 Or 244, 252, 82 P3d 144 (2003) (illustrating proposition).

The complaint is dismissed.