Argued and submitted May 10, 2007, affirmed March 19, petition for review denied June 18, 2008 (344 Or 670)

Isaac PENDERGRASS
and Kateshia Pendergrass,
*Plaintiffs-Respondents,*

*v.*

Marianne FAGAN,
*Defendant-Appellant.*

Marianne FAGAN,
*Counterclaim Plaintiff,*

*v.*

Isaac PENDERGRASS
and Kateshia Pendergrass,
*Counterclaim Defendants.*

Linn County Circuit Court
CE06176; A132050

180 P3d 110

Roy Smith argued the cause and filed the brief for appellant.

Andrew J. Bean argued the cause for respondents. With him on the brief was Weatherford, Thompson, Cowgill, Black & Schultz, P.C.

Before Landau, Presiding Judge, and Schuman and Ortega,* Judges.

LANDAU, P. J.

_____

* Ortega, J., *vice* Riggs, S. J.

## LANDAU, P. J.

At issue in this action for forcible entry and detainer (FED) is whether Oregon law recognizes a claim for "retaliatory eviction" when a landlord simply declines to renew a lease that has expired by its own terms. The trial court concluded that no such claim exists and granted judgment on the pleadings in favor of plaintiffs, the landlords. Defendant, the former tenant, contends that the trial court erred because she had alleged that the real reason for plaintiffs' failure to renew her lease was that she had previously filed a complaint related to her previous tenancy and that, she argues, is sufficient to state a claim for retaliatory eviction. We agree with the trial court and affirm.

Because the trial court entered judgment on the pleadings, we take the facts and any reasonable inferences from those facts from the pleadings themselves. *Beason v. Harcleroad*, 105 Or App 376, 379-80, 805 P2d 700 (1991).

Plaintiffs and defendant entered into a one-year lease of a residence in February 2005. The lease automatically terminated on February 28, 2006. The lease contained no provision for its renewal.

In June 2005, defendant sued plaintiffs for, among other things, breach of contract and "habitability defects." In November 2005, the parties settled that litigation.

On February 28, 2006, the lease expired according to its terms. Plaintiffs did not renew it. Defendant, however, refused to vacate the premises. On March 2, 2006, plaintiffs initiated this FED action, alleging that defendant was "unlawfully holding the premises." In the form complaint, plaintiffs checked the box "No notice," because no tenancy was currently in effect. Defendant answered and alleged bad faith and retaliatory eviction as affirmative defenses. According to the allegations in that answer, "[p]laintiffs are trying to evict defendant because defendant sued plaintiffs in 2005." Defendant also included a counterclaim for "retaliation" based on the same allegations, requesting a statutory penalty of twice the monthly rent, plus attorney fees.

Plaintiffs moved for judgment on the pleadings, arguing that there can be no claim for retaliatory eviction when there was no eviction in the first place. According to plaintiffs, the lease expired by its own terms, and nothing in Oregon law requires a landlord to renew a lease that has expired. Defendant argued that her claims for retaliation are grounded in ORS 90.385, which she contends plainly provides that a landlord cannot bring an action for possession after a tenant has made any complaint to a landlord related to the tenancy. The trial court granted plaintiffs' motion, concluding that the statute on which defendant relied applies only when a landlord terminates a lease *before* the expiration of the lease.

On appeal, defendant contends that the trial court erred in granting plaintiffs' motion for judgment on the pleadings. According to defendant, nothing in the wording of ORS 90.385 limits its applicability to cases in which the landlord has terminated a lease before its expiration. In any event, she argues, the tenancy actually did not expire. In her view, when she refused to leave, there was created a month-to-month tenancy pursuant to ORS 90.427(4).

Plaintiffs respond first by noting that, since the entry of judgment, defendant has vacated the premises. They argue that, as a result, the appeal is now moot. As to the merits, plaintiffs argue that defendant's reliance on ORS 90.385 cannot be reconciled with the undisputed terms of the lease, which provided for its automatic termination on February 28, 2006. In addition, plaintiffs argue, defendant's reading of that statute cannot be squared with other provisions of the landlord-tenant statute, in particular, ORS 90.427(4), which expressly authorizes landlords to bring FED actions on the expiration of a term of a lease when a tenant refuses to leave. As for defendant's contention that the lease did not actually expire and that the statute created a month-to-month tenancy, plaintiffs point out that the statute actually provides for such a tenancy only "if the landlord consents to the tenant's continued occupancy."

■ We begin with plaintiffs' contention that the appeal is moot because defendant is no longer in possession of the premises. The Supreme Court has held that, even if a tenant

vacates the premises and resolves the issue of "physical possession" of the premises, a tenant's defenses to an eviction action are not moot if the issue of "right to possession" remains for the court to decide. *Edwards v. Fenn*, 308 Or 129, 132-33, 775 P2d 1375 (1989). Moreover, in this case, defendant seeks damages for the alleged retaliatory eviction, which necessitates a determination of the validity of the claim, regardless of whether she remains in possession. We therefore conclude that the appeal is not moot.

■■ We turn then to the merits of whether the trial court erred in granting plaintiffs' motion for judgment on the pleadings. Entry of judgment on the pleadings is proper if the allegations in the pleadings show that the nonmoving party cannot prevail as a matter of law. *Withers v. State of Oregon*, 133 Or App 377, 382, 891 P2d 675, *rev den*, 321 Or 284 (1995).

■ In this case, whether defendant cannot prevail on her retaliation claims as a matter of law depends on the interpretation of the landlord-tenant and related statutes. In interpreting those statutes, we apply the familiar interpretive rules set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). In brief, we attempt to ascertain, if possible, the meaning of the statutes that the legislature most likely intended, based on an examination of the text in context and, if necessary, legislative history and other aids to construction. *Id.*

The Residential Landlord and Tenant Act (RLTA) provides that, when property is leased for a specified period of time, the tenancy "has a fixed term of existence, continuing to a specific ending date and terminating on that date without requiring further notice to effect the termination." ORS 90.100(15); *accord* ORS 90.427(3) ("[t]he tenancy shall terminate on the date designated"). If the former tenant remains in possession "without the landlord's consent after expiration of the term of the rental agreement or its termination," the RLTA provides that the landlord may bring an action to recover possession of the premises. ORS 90.427(4).

Parallel provisions of the FED statute similarly provide that an owner of property may bring an action for possession when a tenant is "unlawful[ly] holding by force," which the statute defines as including a former tenant

remaining in possession "[w]hen a rental agreement by its terms has expired and has not been renewed." ORS 105.115(2)(a)(B).

The FED statute provides that, in response to a landlord's action for possession of the premises, a former tenant may assert counterclaims as long as the claims are "otherwise provided by statute." ORS 105.132. In this case, defendant contends that her defense and counterclaim for retaliation are "otherwise provided by statute" under ORS 90.385. That statute provides, in part:

> "(1) Except as provided in this section, a landlord may not retaliate by increasing rent or decreasing services, by serving a notice to terminate the tenancy or by bringing or threatening to bring an action for possession after:
>
> "* * * * *
>
> "(b) The tenant has made any complaint to the landlord that is in good faith and related to the tenancy;
>
> "* * * * *
>
> "(3) If the landlord acts in violation of subsection (1) of this section the tenant * * * has a defense in any retaliatory action against the tenant for possession."

Defendant contends that, read literally, the statute applies precisely to the allegations of this case, namely, that she made a complaint to the landlord about the tenancy, and, "after" that complaint, plaintiffs brought this action for possession. Plaintiffs respond that, in context, the foregoing statute plainly applies to actions of a landlord during a tenancy, not after the tenancy has expired by its own terms. According to plaintiffs, reading ORS 90.385 to apply to cases in which fixed-term leases have expired by their own terms would effectively create month-to-month tenancies after the expiration of those leases, contrary to the terms of the leases and contrary to statutes that expressly provide that such leases automatically expire at the end of the stated term.

We agree with plaintiffs. ORS 90.385 makes clear that its focus is on actions that a landlord may not take *during* a lease and before its expiration. The statute opens with a list of things that a landlord cannot do after a tenant has

made a complaint to the landlord relating to the tenancy. The prohibited acts are (1) "increasing rent," which logically can only occur before a lease has expired; (2) "decreasing services," which once again clearly refers to a tenancy still in existence; (3) "serving a notice to terminate the tenancy," again referring to something that can occur only when the tenancy has not yet ended; and (4) "bringing or threatening to bring an action for possession." ORS 90.385(1). The latter, at least in the abstract, could refer to bringing or threatening to bring an action for possession either before or after the tenancy has expired by its own terms. But, for several reasons, interpreting the phrase to apply to actions brought after the tenancy has expired is not likely what the legislature intended.

■     First, when the legislature prohibits a list of different acts, the meaning of each term in the list is determined in light of the common characteristics of other terms in the same list. This is the familiar principle of *noscitur a sociis. King City Rehab, LLC v. Clackamas County*, 214 Or App 333, 340-41, 164 P3d 1190 (2007). In this case, every other listed activity in which a landlord may not engage pertains to tenancies that have not yet expired. It is most likely, therefore, that the legislature intended the same to be true of the prohibition against bringing or threatening to bring an action for possession. *See State v. Werdell*, 340 Or 590, 597, 136 P3d 17 (2006) (limiting the effect of a provision because other provisions in the same statute have limited effect).

Second, that reading of the statute is consistent with the statutory definition of "tenants" who are entitled to the protections stated in ORS 90.385. The RLTA defines "tenant" to mean, among others, "a person, including a roomer, entitled under a rental agreement to occupy a dwelling unit." ORS 90.100(43). If a rental agreement has expired by its own terms, the person occupying the premises contrary to the terms of that agreement is no longer a "tenant" within the meaning of the RTLA.

Third, and in a similar vein, defendant's reading of ORS 90.385 cannot be reconciled with the other statutes that provide that tenancies for a fixed term expire *automatically* at the end of the stated term, without notice and without further action on the part of the landlord. ORS 90.100(15); ORS

90.427(3). It further cannot be squared with statutes that expressly authorize landlords to bring actions for possession immediately on the expiration of a lease, without further justification or proof beyond the fact that the lease, by its terms, has expired. ORS 90.427(4); ORS 105.115(2)(a)(B).

■　　　　Defendant insists that her interpretation can be reconciled with the foregoing statutes by recognizing that, when she held over after the expiration of the one-year lease, she became a month-to-month "tenant" under ORS 90.427(4), thereby entitled to the protections of ORS 90.385. The problem with that argument is that ORS 90.427(4) provides for the implied creation of a month-to-month tenancy only "[i]f the landlord *consents* to the tenant's continued occupancy." (Emphasis added.) There is no allegation that plaintiffs consented to defendant's continued occupancy; in fact, the allegations in the pleadings demonstrate the opposite to be the case.

　　　　We conclude that the trial court did not err in granting plaintiffs' motion for judgment on the pleadings.

　　　　Affirmed.