Argued and submitted February 14, reversed and remanded October 24, 2012

## U.S. BANK NATIONAL ASSOCIATION,
as Trustee for C-BASS Mortgage,
*Plaintiff-Respondent,*

*v.*

## John WRIGHT,
*Defendant-Appellant,*
*and*

## All Occupants and Persons in Possession,
*Defendants.*

Crook County Circuit Court
CV100181; A148778

289 P3d 361

Claud Ingram argued the cause and filed the briefs for appellant.

Holger Uhl argued the cause for respondent. With him on the brief was McCarthy & Holthus, LLP.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Plaintiff U.S. Bank National Association filed this action to eject defendant John Wright from real property that plaintiff allegedly purchased at a trustee's sale. Defendant, in his answer, alleged that he was the owner of the property and otherwise denied plaintiff's allegations. Plaintiff then moved for summary judgment on the ejectment claim, and the trial court granted the motion. For the reasons explained below, there are genuine issues of material fact that preclude summary judgment on this record—namely, a factual dispute as to whether plaintiff actually purchased the property at a trustee's sale. We therefore reverse and remand.

In August 2010, plaintiff, as "Trustee for the C-BASS Mortgage Loan Asset-backed Certificates, Series 2006-MH1," filed a complaint to eject defendant from property located in Prineville ("the property"). Plaintiff alleged that defendant "was title owner to the [p]roperty"; that defendant had obtained a loan to purchase the property; and that defendant had executed a deed of trust to secure repayment of that loan. Plaintiff further alleged that defendant had "defaulted in the Terms of the Deed of Trust and a Notice of Trustee's Sale was issued" to defendant.

According to the complaint, on July 20, 2010, the property was then "sold at a Trustee's sale and conveyed to Plaintiff." Because of that conveyance, plaintiff alleged, "[p]laintiff is the legal owner of the [p]roperty and is entitled to immediate possession thereof." Plaintiff attached to the complaint a copy of the "recorded Trustee's Deed Upon Sale" that recited that plaintiff had purchased the property.

Defendant's answer essentially consisted of the following two paragraphs:

"Defendant Wright admits that he is the owner of the real property described in Plaintiff's Complaint and that he obtained a loan thereon from Argent Mortgage Company, LLC and granted Argent Mortgage Company a Trust Deed on the real property as security for said loan.

"Defendant Wright denies all remaining allegations of Plaintiff's Complaint."

After defendant answered, plaintiff filed a motion for summary judgment on the ejectment claim. Plaintiff argued that, despite defendant's general denial of the allegations in the complaint, "the material facts are a matter of public record, showing that Plaintiff is the legal owner of the property in dispute pursuant to a Trustee's Deed." Specifically, plaintiff argued that the trustee's deed attached to the complaint, which was recorded with Crook County on July 27, 2010, shows plaintiff as the owner of the property and "on its own provides thus sufficient basis for judgment for the Plaintiff."

Furthermore, anticipating defendant's response, plaintiff did not rest solely on the force of the recorded trustee's deed. In its memorandum in support of its summary judgment motion, plaintiff "also discusse[d] the [nonjudicial foreclosure] process which led to the issuance of said deed since Defendant may also want to attack that process." Plaintiff argued that each of the statutory requirements for nonjudicial foreclosure under ORS 86.755 had been satisfied, including, among other requirements, that the property was actually sold to plaintiff at a trustee's sale. On that point—whether a sale occurred—plaintiff argued:

"Under ORS 86.755(1), the sale shall be held on the date and at a time and place designated in the notice of sale or may be postponed by the Trustee. The Trustee may postpone the sale for one or more periods totaling not more than 180 days from the original sale date, giving notice of each adjournment by public proclamation made at the time and place set for sale. ORS 86.755(2).

"The Sale was scheduled and held on 07/20/2010, which was more than 120 days from the Notice of Sale. A copy of the Sale Certificate is attached to the Declaration [in support of plaintiff's motion].

"ORS 86.755(3) provides that within 10 days of the sale, the Trustee shall execute and deliver the Trustee's Deed to the purchaser.

"The Trustee executed and delivered a Trustee's Deed to the Beneficiary on July 27, 2010. Said Deed recited that a sale had occurred. *See* Declaration [in support of plaintiff's

motion], 'Exhibit F.' *Said recitations are prima facie evidence of their truth and conclusive evidence in the case of a good faith purchaser for value. ORS 86.780.*

"Plaintiff relied upon the recitations in said Trustee's Deed in good faith and paid value in the form of a credit bid. A credit bid is for 'cash' within the meaning of ORS 86.755. *Bank of Myrtle Point v. Security Bank of Coos County,* [79 Or App 184, 190, 718 P2d 1373 (1986)]. *Thus the recitation is conclusive evidence that a sale actually occurred.*"[1]

(Emphasis added.)

Defendant, as plaintiff expected, attacked the validity of the trustee's deed, including plaintiff's evidence that he was in default and that any trustee's sale had actually occurred. Defendant's opposition to the motion included declarations from himself and his wife in which they attested to the following facts. In December 2009, defendant received a notice that he was in default and that the trustee had elected to sell the property under the terms of the trust deed. The notice designated April 26, 2010, as the date of the trustee's sale. Then, approximately two weeks before that scheduled sale, defendant received a letter from Litton Loan Servicing, the company servicing his loan, that denied his request for a loan modification; the basis for that denial was that "you [defendant] are current on your mortgage loan"— in other words, not in default. Defendant's wife and others nonetheless appeared at the Crook County courthouse at 11:00 a.m. on April 26, the designated place and time of the trustee's sale, but no one appeared to conduct the sale. Three months later, defendant received a telephone call from a real estate agent telling him that his property would be sold on July 20, 2010, at 11:00 a.m. at the front door of the Crook County courthouse. Defendant's wife and others appeared at the scheduled time, but again no one came to conduct the sale. Thus, defendant argued, the recitals in the trustee's deed were a sham: No trustee's sale had actually occurred.

---

[1] Below, plaintiff argued that the recitals in the trustee's deed were conclusive because plaintiff was a "purchaser for value in good faith." On appeal, plaintiff has abandoned that argument, presumably because plaintiff, as the purchaser, would have known the recital in the trustee's deed to be false if, in fact, no trustee's sale actually occurred.

The trial court granted plaintiff's motion for summary judgment. The court, in an opinion letter, explained:

"This is an eviction action. I find no authority, and none [was] presented by [defendant], to convince me that this is an action to determine the validity of the deed.

"In addition, there has been no showing that [defendant] could or would have cured the default in this case. This is an action for eviction, and Plaintiffs are the legal owners of the property and are entitled to possession. * * *"

The court subsequently entered a judgment that plaintiff was entitled to immediate possession of the property and that directed the clerk of the court to issue a writ of execution authorizing the county sheriff to physically remove defendant from the premises. In July 2011, the Crook County Sheriff enforced the judgment and gave possession of the property to plaintiff.

Defendant appeals that judgment, arguing that the trial court erred in ruling "that it could not determine the validity of the Trust[ee's] Deed in this action, [and] that Plaintiff is the legal owner of the property and entitled to possession." Plaintiff, in response, reprises its arguments that title to the property was not at issue in the case, but even if it were, the "scant evidence submitted by Defendant to the trial court" was insufficient to "refute that Plaintiff was the legal owner of the [p]roperty entitled to possession by virtue of the Trustee's Deed."[2]

As the parties have framed their arguments, there are two issues before us. First, we must determine whether, in

----

[2] Plaintiff's threshold contention is that the appeal is moot because the sheriff executed the writ and removed defendant from the property. We have previously rejected that argument, and we do so again. *See Greene v. Hren*, 224 Or App 223, 228-29, 197 P3d 1118 (2008) ("Physical possession and the right to possession are two distinct issues in an FED action. In this case, defendant's move out of the motel room resolved the issue of physical possession; that was not, however, a concession that plaintiffs had a right to possession. Whether the trial court correctly determined that plaintiffs were entitled to evict defendant and regain possession of the premises is precisely the issue that defendant raises on appeal. Accordingly, the dispute between the parties in this case is not moot." (Emphasis omitted.)); *Pendergrass v. Fagan*, 218 Or App 533, 536-37, 180 P3d 110, *rev den*, 344 Or 670 (2008) ("[E]ven if a tenant vacates the premises and resolves the issue of 'physical possession' of the premises, a tenant's defenses to an eviction action are not moot if the issue of 'right to possession' remains for the court to decide.").

this ejectment action, defendant is permitted to challenge the validity of the trustee's deed, the alleged source of plaintiff's title to the property. Second, if the validity of the trustee's deed is at issue, then we must determine whether defendant's evidence was sufficient to create a genuine dispute of fact on that matter. We address the arguments in that order.

The trial court, as previously noted, first ruled that the ejectment action concerned only plaintiff's right to possession, and not the validity of the trustee's deed. We disagree with that premise. By its very nature, an action for ejectment requires the plaintiff to prove the nature of its legal estate in the property. ORS 105.005(1) ("Any person *who has a legal estate in real property* and a present right to the possession of the property, may recover possession of the property, with damages for withholding possession, by an action at law." (Emphasis added.)); ORS 105.010(1) (providing that a plaintiff's complaint in an ejectment action shall set forth "[t]he nature of the estate of the plaintiff in the property, whether it be in fee, for life, or for a term of years; including, when necessary, for whose life and the duration of the term"). The Supreme Court has long recognized that Oregon statutes governing ejectment actions contemplate "that the title to land may be tried in an action to recover possession thereof." *Hoover v. King*, 43 Or 281, 284, 72 P 880 (1903) (so concluding after discussing The Codes and Statutes of Oregon, title IV, ch III, §§ 326, 328, 329, 330 & 339 (Bellinger & Cotton 1901)); *accord Weatherford v. McKay*, 59 Or 558, 560, 117 P 969 (1911). In this case, plaintiff pleaded that it is the "legal owner of the [p]roperty" because the property "was sold at a Trustee's sale and conveyed to Plaintiff." Defendant, in his answer, denied those allegations.

The effect of defendant's general denial was to put plaintiff to its proof as to whether it had a legal estate in the property. That is, plaintiff was required to adduce evidence that, as alleged in the complaint, plaintiff obtained an estate in the property by way of a trustee's sale. Thus, plaintiff's complaint and defendant's answer raised the issue of the validity of the trustee's deed, including whether a trustee's sale ever occurred.

Plaintiff acknowledges that defendant generally denied the allegations in its complaint, including the allegations regarding plaintiff's ownership interest in the property. But, according to plaintiff, "a defendant cannot rely on a general denial alone to bring title in issue." Rather, a defendant must plead his ownership or right of possession with particularity. *See* ORS 105.015 ("The defendant shall not be allowed to give in evidence any estate, license or right of possession in the property in the defendant or another, unless the same is pleaded in the answer. If pleaded, the nature and duration of the estate, license or right of possession shall be set forth with the certainty and particularity required in a complaint.").

Plaintiff's argument, however, erroneously shifts the burden of pleading and proving title from itself to defendant. Even assuming that defendant's answer fails to set forth his *own* estate in the property,[3] that pleading deficiency would not relieve plaintiff of the burden of proving its alleged estate in the property after purchasing the property at a trustee's sale. Unless plaintiff proves its own estate in the property, it cannot eject anyone from the property, regardless of whether those occupants have a right to possession. ORS 105.005(1); *see also Eggen et ux. v. Wetterborg et al.*, 193 Or 145, 151, 237 P2d 970 (1951) ("to qualify as a plaintiff in an action of ejectment, one must have a legal estate in the property involved, as well as a present right to the possession thereof").

For that reason, this is not, as plaintiff characterizes it, simply a "battle of superior title"—for instance, a case in which defendant acknowledges plaintiff's estate in the property but seeks to prove that he or someone else has a *superior* right to ownership or possession, thereby avoiding the allegations in the complaint. *Cf. Pacific Livestock Co.*

---

[3] Defendant's answer alleged that "he is the owner of the real property described in Plaintiff's Complaint and that [defendant] obtained a loan thereon from Argent Mortgage Company, LLC and granted Argent Mortgage Company a Trust Deed on the real property as security for said loan." Defendant also denied plaintiff's allegations that defendant was in default and the allegation that plaintiff was the legal owner. It is not at all clear to us that defendant's answer fails to allege his ownership with the particularity required by ORS 105.015, but we need not reach that pleading issue for purposes of this appeal. And, considering that defendant could ask for leave to amend the answer on remand, we express no further opinion on the matter.

*v. Portland Lbr. Co.*, 96 Or 567, 575-76, 189 P 893 (1920) (plaintiff was entitled to a directed verdict on an ejectment claim where "[t]he plaintiff is admitted to be the owner in fee simple of the property. No license or other adverse estate has been pleaded, and an estoppel against the ejectment plaintiff has not been proved."). Rather, defendant denies that plaintiff has *any estate* in the property, and plaintiff has not provided, nor are we aware of, any authority that would prevent defendant from offering evidence to refute, rather than to avoid, plaintiff's allegation that it became the legal owner of the property by purchase at a trustee's sale. *See Phillipi v. Thompson*, 8 Or 428, 433 (1880) (under a general denial in an ejectment action, the defendant "was entitled to offer any evidence which had a tendency to weaken the claim of title under which the plaintiff claimed, for as the plaintiff must make out a *prima facie* case, the defendant might show flaws in that title").

Having concluded that plaintiff's title to the property was at issue in the ejectment action, the remaining question is whether, as to that title issue, there remains any genuine dispute of fact on this record. To answer that question, we view the evidence in the light most favorable to defendant, the nonmoving party. *Clackamas Cty. Assessor v. Village at Main St. Phase II*, 349 Or 330, 332, 245 P3d 81 (2010). And, viewed in that light, we conclude that the record, and particularly the declaration of defendant's wife, raises a genuine issue of material fact as to whether any trustee's sale occurred.

The summary judgment record includes conflicting evidence regarding the sale itself. Plaintiff initially offered two documents to prove that a trustee's sale of the property occurred on July 20, 2010, at the Crook County courthouse. The first was a trustee's deed, recorded with the county, that recited:

"Pursuant to the notice of sale, the undersigned trustee on 7/20/2010 at the hour of 11:00:00 AM, in accord with the standard of time established by ORS 187.110, and at the place so fixed for sale, in full accordance with the laws of the state of Oregon and pursuant to the powers conferred upon him by said trust deed, sold the Property in one parcel at public auction to the second party for the

sum of $105,000.00, he being the highest and best bidder at the sale. The true and actual consideration paid for this transfer is the sum of $105,000.00."

The second document, generated by LPS-Agency Sales & Posting, unsigned and undated, was titled "Certificate of Sale at Public Auction" and stated:

"LPS - Agency Sales & Posting, certifies that on **07/20/2010** at the hour of **11:00 AM**, **Aaron Crowe**, an authorized agent of LPS - Agency Sales & Posting, did sell at the same place as originally fixed by the Trustee in the Notice of Sale, the property described in the Notice of Sale.

"The property (went/was) **Back to Beneficiary** for the sum of **$105,000.00**[.]"

(Boldface and underscoring in original.) Plaintiff also offered an affidavit from Timothy Donlon, an employee of Quality Loan Service, who averred that Quality was the local agent responsible for performing the foreclosure in Oregon; that "Quality's records reflect that the Trustee's Sale was held on July 20, 2010"; that "Quality's records reflect that the Trustee executed and delivered a Trustee's Deed Upon Sale to the Beneficiary on July 27, 2010"; and that "Quality's records indicate that the property sold at the sale for the price of $105,000.00."

The recitals in the trustee's deed constitute *prima facie* evidence that the trustee's sale occurred as set forth in that recorded deed. ORS 86.780 ("When the trustee's deed is recorded in the deed records of the county or counties where the property described in the deed is situated, the recitals contained in the deed and in the affidavits required under ORS 86.750(3) and (4) shall be prima facie evidence in any court of the truth of the matters set forth therein, but the recitals shall be conclusive in favor of a purchaser for value in good faith relying upon them."). Yet neither the trustee's deed, nor any of plaintiff's other evidence, is dispositive at this stage, because defendant offered contrary evidence that no public sale actually occurred at the Crook County courthouse at the date and time that plaintiff alleges. According to the declaration of defendant's wife, she and others interested in purchasing the property were present at the front door to the courthouse at 11:00 a.m. on July 20, 2010, and no auction was held.

Plaintiff responds that the declaration from defendant's wife establishes only that she did not *witness* a sale, not that a sale did not occur. Although the inference that plaintiff draws may be a reasonable one, it is not the *only* reasonable inference that can be drawn from the facts in the declaration. Plaintiff has never suggested that a trustee's sale—an advertised public auction for the property as part of a nonjudicial foreclosure—was conducted anywhere other than at the Crook County courthouse or was conducted at any time other than 11:00 a.m. *See* ORS 86.755(1)(a) (stating that the "trustee shall hold a trustee's sale on the date and at the time and place designated in the notice of sale"); ORS 86.755(2) (trustee "may postpone the sale for one or more periods that total not more than 180 days from the original sale date, giving notice of each adjournment by public proclamation made at the time and place set for sale"). In fact, in reply to the declaration, plaintiff simply offered additional evidence to disprove the averments by defendant's wife, including an affidavit from Aaron Crowe, the person listed as the seller's agent on the "Certificate of Sale at Public Auction." In that affidavit, Crowe says that he is employed by Nationwide Process Service, Inc., and that another person, Pamela Fournier, actually conducted the sale and reported to Crowe that "the Wright sale script had been read aloud in its entirety and that no one was present for the public reading at the front entrance to the Crook County Courthouse."

In short, plaintiff's and defendant's version of events at the entrance of the Crook County courthouse cannot both be true, and, for purposes of summary judgment, we must assume that a factfinder would resolve the dispute in favor of defendant. Based on the declaration from defendant's wife, along with the other evidence in the record, a reasonable trier of fact could find that the only trustee's sale that plaintiff has ever alleged—the sale at the courthouse at 11:00 a.m. on July 20, 2010—never happened.

Defendant also asserts that he demonstrated at least one other factual dispute as to the validity of any foreclosure of his interest in the property that precluded summary judgment.[4] In the trial court, defendant presented evidence

---

[4] In opposition to the motion for summary judgment, defendant presented a letter from his loan servicer indicating that he had not been in default near

that any sale of the property should have been conducted on April 26, not July 20, 2010. Under ORS 86.755(1), the trustee is required to hold the sale on the date and at the time and place designated in the notice of sale. Although a trustee may postpone a sale "for one or more periods that total not more than 180 days from the original sale date," the trustee must publicly give notice of "each adjournment" at "the time and place set for sale." ORS 86.755(2). Viewing the evidence in the light most favorable to defendant, the only notice of trustee's sale that is in the summary judgment record and that he received showed a sale date of April 26, 2010, at 11:00 a.m.; the postponement of the sale to July 20, 2010, was not publicly announced given that neither the trustee nor anyone else showed up to sell the property on April 26; and he learned of the July sale date through a real estate agent. Plaintiff contends that defendant's evidence did not establish a disputed issue of fact, but we reject that contention given the evidence in the summary judgment record. Plaintiff also contends that, in any event, the issue was immaterial because only plaintiff's right to possession was properly before the trial court, a legal premise we have already rejected.

Thus, there is a genuine issue of material fact on this record as to whether plaintiff ever obtained valid title to the property by purchase at a trustee's sale. Consequently, the trial court erred in granting summary judgment, and we reverse and remand for further proceedings.

Reversed and remanded.

---

the time noticed for the trustee's sale in April 2010. However, the record does not reflect that defendant argued to the trial court that a jury could conclude that he was not in default and, thus, that any trustee's sale was invalid. *Cf. Staffordshire Investments, Inc. v. Cal-Western*, 209 Or App 528, 534, 149 P3d 150 (2006), *rev den*, 342 Or 727 (2007) (in Oregon, as a precondition to the trustee's exercise of the power of sale, there must be a present default by the grantor for which sale is authorized by the terms of the trust deed). Rather, he appeared to use the letter as evidence that plaintiff's agents were either incompetent or mendacious. Accordingly, we decline to express an opinion on the default issue on appeal.